UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINCOLN LLOYD REDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 17-10340-ADB |
| ) | |
| DAN CONLEY, CARLA BARRET, ) | |
| JUDGE ERNESTO, LISA HELENE ) | |
| PIINKHAM, EVAN TYLER REDLEY, ) | |
| LEO MACASKILL, ANDREW LAURIA, ) | |
| PINE STREET INN ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**BURROUGHS, D. J.**

For the reasons stated below, the Court will (1) grant the motion to proceed *in forma pauperis*, and (2) Order the plaintiff to file an amended complaint within 28 days of the entry of this Memorandum and Order.

### I. Background

On February 24, 2017, *pro se* plaintiff Lincoln Lloyd Redley filed a self-prepared complaint against multiple defendants. Plaintiff's complaint is a disorganized narrative of perceived persecution by a state trial judge, a district attorney, police officers, and others. Plaintiff attempts to intertwine wholly different factual scenarios over different periods of time. Taken as a whole, the complaint is largely incoherent and, at times, incomprehensible, making it difficult to ascertain the outlines of the alleged claims. In addition to his complaint, plaintiff filed a motion for leave to proceed *in forma pauperis*. ECF No. 2.

**II.     Discussion**

      **A.     Plaintiff's Motion to Proceed In Forma Pauperis.**

Plaintiff's motion to proceed *in forma pauperis* is ALLOWED. *See* 28 U.S.C. §1915(a). Because plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening and the court may dismiss a claim *sua sponte* if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §1915(e)(2)(B).

      **B.     Plaintiff will be Ordered to Amend his Complaint.**

Plaintiff's complaint in its current form is insufficiently pleaded under the basic pleading requirements of the Federal Rules of Civil Procedure. Plaintiff's complaint is rambling and confusing, covering different factual scenarios, time periods and individuals. It is unclear which defendants he is pursuing and on what basis, and what relief he is seeking. To the extent the plaintiff wishes to proceed in this action, he shall within within 28 days of the date of entry of this Memorandum Order file an amended complaint complying with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any amended complaint must include, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  "[T]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Because an amended complaint

completely supersedes the original complaint, plaintiff should repeat in his amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint. See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). The Court also notes the "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). And, the claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In preparing the amended complaint, plaintiff should not reiterate his allegations or set forth his claims in chronological, narrative paragraphs, nor should he include names of individuals that do not have any direct involvement with his legal claims against the named defendants. His amended complaint should focus on the legal claims against each defendant, and the basis for such claims. In other words, plaintiff should set forth minimal facts as to who did what to whom, when, where, and why. He should not assert claims collectively against the defendants, but should parcel out the claims against each defendant separately. He also should not assert multiple causes of action against a defendant in one count; rather, he should identify separately each cause of action and the grounds therefore. With respect to exhibits, plaintiff may submit exhibits in support of his Amended Complaint, but is not required to do so.

## III. Conclusion

For the foregoing reasons,

1. The motion to proceed *in forma pauperis* is ALLOWED.

2. To the extent the plaintiff intends to pursue his claims, he shall within 28 days of the entry of this Memorandum and Order file an amended complaint that complies with the Federal Rules of Civil Procedure as set forth in this Memorandum and Order at Part II(B), supra. No summonses shall issue pending further review and screening of the amended complaint by the Court.

      3.      Failure to comply with this Order will likely result in dismissal of this action.

**So Ordered.**

                                                    /s/ Allison D. Burroughs
                                                    Allison D. Burroughs
Dated:  March 16, 2017                    United States District Judge